Re/Max of N.Y., Inc. v Weber (2019 NY Slip Op 08433)





Re/Max of N.Y., Inc. v Weber


2019 NY Slip Op 08433


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-07860
2018-00564
 (Index No. 600848/16)

[*1]Re/Max of New York, Inc., appellant-respondent,
v
Henry Weber, respondent-appellant (and a third-party action).


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Matthew F. Didora and Laura Mulholland of counsel), for appellant-respondent.



DECISION & ORDER
In an action for a judgment declaring that the defendant is not a shareholder of the plaintiff, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered June 8, 2017, and an order of the same court entered November 30, 2017, and the defendant cross-appeals from the order entered June 8, 2017. The order entered June 8, 2017, insofar as appealed from, upon, sua sponte, amending a determination in a prior order of the same court entered December 6, 2016, granting the defendant leave to replead his first counterclaim as a derivative counterclaim, granted the defendant leave to commence a separate proceeding pursuant to Business Corporation Law § 623 to determine the fair value of his shares in the plaintiff, and, sua sponte, amended the declaration in the order entered December 6, 2016, so as to declare that the defendant is a shareholder of the plaintiff without specifying the number of shares he holds. The order entered November 30, 2017, insofar as appealed from, upon reargument, adhered to the original determination in the order entered June 8, 2017, declaring that the defendant is a shareholder of the plaintiff, and directed that the issues of the extent and fair value of the defendant's interest in the plaintiff shall be determined either in a separate proceeding pursuant to Business Corporation Law § 623 or an appraisal proceeding and, sua sponte, granted the defendant leave to commence either a separate proceeding pursuant to Business Corporation Law § 623 or an appraisal proceeding.
ORDERED that the cross appeal is deemed dismissed pursuant to 22 NYCRR 1250.10(a); and it is further,
ORDERED that on the Court's own motion, the appeal from so much of the order entered November 30, 2017, as, sua sponte, granted the defendant leave to commence either a separate proceeding pursuant to Business Corporation Law § 623 or an appraisal proceeding is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the appeal from the order entered June 8, 2017, is dismissed, as that order was superseded by the order entered November 30, 2017, made upon reargument; and it is further,
ORDERED that the order entered November 30, 2017, is reversed insofar as appealed from, on the law, and so much of the order entered June 8, 2017, as granted the defendant leave to commence a separate proceeding pursuant to Business Corporation Law § 623 to determine the fair value of his shares in the plaintiff and, sua sponte, amended the declaration in the order entered December 6, 2016, so as to declare that the defendant is a shareholder of the plaintiff without specifying the number of shares he holds is vacated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In light of our determination on a related appeal (see Re/Max of New York, Inc. v Weber, ___ AD3d ___ [Appellate Division Docket No. 2017-00226; decided herewith]), the order entered November 30, 2017, must be reversed insofar as appealed from.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court